UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| CHRISTOPHER C. JOHNSON., | ) | Case No.:  3:23-cv-05928 BHS |
| Plaintiff, | ) | **COMPLAINT** |
| vs. | ) | |
| TUCKER ALBIN AND ASSOCIATES, INC, REGUS MANAGEMENT GROUP LLC | ) | |
| Defendant. | ) | Jury Trial: ☒ Yes   ☐ No |

## INTRODUCTION

1. This is a civil action for actual, punitive, statutory damages and cost brought by, ("Plaintiff") an individual consumer, against defendant, Tucker Albin, and Associates INC (hereinafter Defendant) for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FCRA"), Washington Collection Agency Act RCW 19.16, and the Washington Consumer Protection Act RCW 19.86.

## BASIS OF JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d), and 28 U. S. C § 1331. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because a substantial part of the events, omissions, or conduct giving rise to Plaintiff claim occurred in this judicial district. Defendant Tucker, Albin and Associates transact business in Puyallup, Washington.

3. The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

## PARTIES

4. Plaintiff, Christopher C. Johnson is a natural person and consumer as defined by 15 U.S.C. § 1681a(c), residing Puyallup, Washington.

5. Upon information and belief, Tucker, Albin, and Associates INC is a Texas corporation. Service of process for Defendant is INCORP Services, INC. 4505 Pacific HWY E STE C-2, Fife, WA 98424.

6. Defendant Tucker, Albin and Associates is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Upon information and belief, Regus Management Group LLC is a Delaware corporation that can be served via its registered agent, corporation service company, at 300 Deschutes Way SW STE 208 MC-CSC1, Tumwater, WA 98501. .

COMPLAINT FOR A CIVIL CASE - 2

8. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or their owners, officers, agents, and/or employees.

### FACTUAL ALLEGATIONS

9. Prior to this action giving rise, Plaintiff incurred a debt with Regus Management Group LLC ("Regus") for a personal office space he rented.

10. Sometime thereafter, Defendant acquired the right to collect or was assigned the right to collect on the subject debt.

11. On or about September 8, 2023, at 8:44am PST, Defendant made phone calls to Plaintiffs cellular device. (See Exhibit A)

12. During the initial phone call the Plaintiff answered his phone and informed the agent that he was at work, and it was an inconvenient time to call.

13. Defendant proceeded to call Plaintiff 4 consecutive times in a row on September 8th, 2023, at 08:45am, 8:46am, 8:47am, and 8:48am. (See Exhibit B).

COMPLAINT FOR A CIVIL CASE - 3

14. Plaintiff never provided his cellular telephone number to Defendant or otherwise expressly consented to Defendant's phone calls.

15. Notwithstanding Plaintiff's notification to defendant that they were calling at an inconvenient time during the Plaintiffs workday defendant cease placing calls to his cellular phone, Defendant placed or caused to be placed numerous phone calls to Plaintiff's cellular phone.

16. The majority of Defendant's distracting phone calls to Plaintiff's cellular phone were placed during work hours and disrupted Plaintiff's work productivity.

17. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling with such frequency as can be reasonably expected to harass.

18. In one or more communications with Plaintiff, Tucker Albin failed to inform Plaintiff that they were a debt collector.

19. In one or more communications with Plaintiff, Tucker Albin failed to inform Plaintiff that Tucker Albin was attempting to collect a debt and that any information obtained by Tucker Albin would be used for the purpose of debt collection.

20. Tucker Albin failed to provide Plaintiff with the notification of his rights to dispute the debt and/or request validation of the debt as required by 15 U.S.C. § 1692g.

COMPLAINT FOR A CIVIL CASE - 4

21. Defendant has numerous cases in other districts alleging this same harassing behavior.

### *Plaintiff Damages*

22. Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived Plaintiff of his rights was directed by Defendant to Plaintiff specifically.

23. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered emotional distress and anxiety from the frequency of the Defendants phone calls.

24. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered fear and anger over the defendant harassment.

25. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff as suffered loss of time and loss of production at work due to Defendants harassing phone calls.

26. Plaintiff's injury is directly traceable to defendant's conduct because if it weren't for the defendant's conduct, Plaintiff would not have been deprived of his rights and would not have been subject to the emotional distress, anxiety, worry, loss of time, and loss of work production caused by the defendant actions.

27. Defendant's conduct as described in this complaint was willful, with the purpose to either harm the Plaintiff or with reckless disregard for the harm to Plaintiff because after being notified of the inconvenience the Defendant continued to call at an unreasonable frequency.

28. Plaintiff justifiably fears that, absent this court's intervention, defendant Tucker, Albin, and Associates will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect alleged debts by make frequent, harassing phone calls.

29. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

30. A favorable decision herein would redress Plaintiff's injury with money damages.

31. A favorable decision herein would serve to deter Defendant from further similar conduct.

### COUNT 1 VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C § 1692d DEFENDANT TUCKER, ALBIN AND ASSOCIATES

32. All preceding paragraphs are realleged.

33. Defendant violated 15 USC §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment

COMPLAINT FOR A CIVIL CASE - 6

on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff advised Defendant that he was working, and it was an inconvenient time to call.

34. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone.

35. As a result of Defendants violations of the Fair Debt Collection Practices Act, the Defendant is liable actual and statutory damages under 15 U.S.C § 1692k.

## COUNT 1I VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C § 1692c(a)(1) DEFENDANT TUCKER, ALBIN AND ASSOCIATES

36. All preceding paragraphs are realleged.

37. Defendant violated 15 USC §1692c(a)(1) by calling Plaintiff at an unusual time or place known or which should be known to be inconvenient to the plaintiff.

38. Defendant knew that the time of the calls was inconvenient because Plaintiff informed Defendant that it was an inconvenient time to call because he is at work but Defendant continued to make phone calls at a unreasonable frequency.

COMPLAINT FOR A CIVIL CASE - 7

39. As a result of Defendants violations of the Fair Debt Collection Practices Act, the Defendant is liable actual and statutory damages under 15 U.S.C § 1692k.

## GENERAL ALLEGATIONS APPLICABLE TO ALL WASHINGTON CONSUMER PROTECTION ACT CLAIMS

40. Violations of RCW 19.16.250 are per se violations of the Washington Consumer Protection Act ("CPA"), RCW chapter 19.86. See RCW 19.16.440. RCW 19.86.090 provides for treble damages (to a limit of $25,000).

41. Because RCW chapter 19.16 is enforced through RCW 19.86 et seq, the below counts alleging violations of RCW Chapter 19.16 are therefore Consumer Protection Act violations.

42. Even minimal or nominal damages constitute "injury" under the CPA. *Panag*, 166 Wn.2d at 57. A plaintiff need not prove any monetary damages at all, as even "unquantifiable damages" suffice to establish "injury" for purposes of the CPA. Id. (citing Nordstrom, Inc. v. Tampourlos, 107 Wn.2d 735, 740 (1987).

## COUNT III VIOLATION OF THE WASHINGTON COLLECTION AGENCIES ACT RCW 19.16.250(13) DEFENDANT TUCKER, ALBIN AND ASSOCIATES

43. All preceding paragraphs are realleged.

COMPLAINT FOR A CIVIL CASE - 8

44. Defendant violated RCW 19.16.250(13) by communicating with the Plaintiff in a manner to harass, intimidate, threaten, or embarrass by calling Plaintiff at an unreasonable frequency when he advised Defendant he was working.

## COUNT 1V VIOLATION OF THE WASHINGTON COLLECTION AGENCIES ACT RCW 19.16.250(18) DEFENDANT TUCKER, ALBIN AND ASSOCIATES

45. All preceding paragraphs are realleged.

46. Defendant violated RCW 19.16.250(18) by calling Plaintiff on his cellular device more than twice in a day and knew or reasonably should have known Plaintiffs number belonged to a cellular telephone.

## COUNT V VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT RCW 19.86 DEFENDANT TUCKER, ALBIN AND ASSOCIATES

47. All preceding paragraphs are realleged.

48. The foregoing violations of RCW 19.16.250 constitute "per se" violations of the Washington Consumer Protection Act.

49. In addition, Defendants' violations of the FDCPA as outlined above themselves constitute per se violations of the CPA. *See Sims v. Midland Funding LLC*, 2021 WL 1546135 at *5 (W.D. Wash. Apr. 20, 2021) (citing *Hoffman v. Transworld Sys. Inc*, 806 F. App'x 549, 552 n.3 (9th Cir. 2020).

50. Therefore, each of the foregoing FDCPA claims are reasserted herein as "per se" violations of the CPA, and Defendants thus violated the Washiington Consumer Protection Act on this basis as well.

### COUNT VI IMPUTED LIABILITY OF REGUS MANAGEMENT GROUP LLC FOR LIABILITY OF BY TUCKER, ALBIN AND ASSOCIATES

51. All preceding paragraphs are realleged.

52. The act(s) and omission(s) of Tucker Albin and its representative(s), employee(s) and/or agent(s) in violation of the FDCPA 15 USC §1692c(a)(1), 15 USC §1692d, RCW 19.16.250(13), RCW 19.16.250(18), RCW 19.86 are imputed to Regus Management Group LLC.

53. Plaintiff seeks damages, and costs from Regus Management Group LLC.

### Request for Injunctive Relief

54. A plaintiff may seek injunctive relief for violations of the Consumer Protection Act. RCW 19.86.090.

55. Plaintiff does seek injunctive relief from this court which would enjoin Defendant from collecting debts in the manner described above from both Plaintiff and any other person similarly situated. *Scott v. Cingular Wireless*, 160 Wn. 2d 843, 853 (2007).

COMPLAINT FOR A CIVIL CASE - 10

56. Specifically, Plaintiff seeks an injunction prohibiting Defendant from placing phone calls at an unreasonable, harassing frequency and calling at a time and place that is inconvenient to consumers which violates Washington State law and the FDCPA.

57. Plaintiff has reason to believe that these actions make up a pattern and practice of behavior and have impacted other individuals.

58. Injunctive relief is necessary to prevent further injury to plaintiff and to the Washington public as a whole.

59. Injunctive relief should therefore be issued as described herein.

## JURY DEMAND AND PRAYER FOR RELIEF

Wherefore, Plaintiff Christopher C. Johnson, respectfully demands a jury trial and request that judgment be entered in favor or the Plaintiff against the Defendant for:

(A) For Judgment against Defendants for actual damages

(B) For statutory damages of $1,000.00 for FDCPA violations.

(C) For statutory damages of $7,500.00 per violation for Washington Collection Agency Act and Consumer Protection Act violations.

COMPLAINT FOR A CIVIL CASE - 11

(D) For treble damages, pursuant to RCW 19.86.090, calculated from the damages determined by the court.

(E) For injunctive relief pursuant to RCW 19.86.090 as described above.

**CERTIFICATION AND CLOSING**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address whose case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 10/12/2023

Christopher C. Johnson
Cejay80@gmail.com
5613 121st Street Court E #1
Puyallup, WA 98373
206-331-2202





EXHIBIT B

KIRKLAND, WA
+1 (425) 242-3367

**September 8, 2023**

8:48 AM  Missed Call
8:47 AM  Missed Call
8:46 AM  Missed Call
8:45 AM  Missed Call

Calls with a checkmark have been verified by the carrier.

    

Favorites   Recents   Contacts   Keypad   Voicemail